FILED

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

2007 JAN 31  PM 3: 45

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | | |
|---|---|---|
| Rizq D. Walker, | : | Case No. 1:06CV0888 |
| | : | |
| Petitioner | : | Judge Patricia A. Gaughan |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Stuart Hudson, Warden, | : | |
| | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondent | : | |

In this *pro se* action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his convictions pursuant to pleas of guilty entered in three separate criminal cases.

In Cuyahoga Common Pleas Court Case Number CR 393459 he was charged with two counts of aggravated robbery with firearm specifications, and two counts of kidnapping with firearm specifications.

In Case Number CR 394482 he was charged with one count of possession of drugs.

And, finally, in Case Number CR 405385 petitioner was charged with four counts of aggravated robbery, and two counts of attempted rape.

On April 19, 2001 petitioner entered pleas of guilty to two counts of aggravated robbery (CR 393459) with a three-year firearm specification, the kidnapping charges and a one year firearm

1

AO 72A
(Rev. 8/82)

specification having been nolled, upon which he was sentenced on June 11, 2001 to 3 years actual incarceration on the specification to be served prior to and consecutive to 3 years concurrent on each count of aggravated robbery, in turn to be served consecutive to the sentences in the companion cases with a maximum term of post-release control; to one count of possession of drugs (CR 394482), upon which he was sentenced to 8 months incarceration (CR 394482) to be served consecutively to the sentences in the companion cases with a maximum term of post-release control; and to four counts of aggravated robbery (CR 405385), upon which he was sentenced to 4 years concurrent on each count, to be served consecutive to the sentences in the companion cases with a maximum term of post-release control. Petitioner is currently serving an aggregate term of 10 1/2 years incarceration.

No direct appeal was taken at that time.

Nearly four years later, on March 29, 2005, petitioner filed with the Ohio Eighth District Court of Appeals a notice of appeal and motion for leave to file a delayed direct appeal in which he proposed the following four assignments of error:

> I. The appellants [sic] sentence is illegal and in violation of the Eighth and Fourteenth Amendment [sic] under the United States Constitution and Article I, Section 10 of the Ohio Constitution due to the trial courts [sic] failure to properly adhere to Ohio law when imposing more than the minimum sentence in appellants [sic] case.

> II. The appellants [sic] sentence is illegal and in violation of the Sixth and Fourteenth Amendments under the United States Constitution and Article I, Section 10 of the Ohio Constitution pursuant to the mandates embodied in the United States Supreme Court cases of *Apprendi v. New Jersey*, 530 U.S. 466 and *Blakely v. Washington*, (2004) 124 S.Ct. 2531.

> III. The trial court erred when failing to follow the mandatory

2

provisions of Criminal Rule 32 after sentencing petitioner to a serious offense in violation of Article I, Section 10 of the Ohio Constitution and the Fourteenth Amendment under the United States Constitution.

IV.   The appellant was denied the effective assistance of trial counsel during his plea proceedings in violation of his Sixth Amendment [sic] under the United States Constitution and Article I, Section 10 of the Ohio Constitution.

On April 28, 2005 the court denied leave to file a delayed direct appeal.

On May 31, 2005 petitioner appealed the foregoing ruling to the Ohio Supreme Court alleging four propositions of law which directly paralleled those articulated in the lower court. On September 7, 2005 the court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Petitioner did not appeal this decision to the United States Supreme Court.

On March 29, 2006[1] the petitioner filed the instant petition, in which he raises the following four claims for relief:

A.   **GROUND ONE:**  The petitioner's sentence is illegal and in violation of the Eighth and Fourteenth Amendments under the United States Constitution and Article I, Section 10 of the Ohio Constitution due to the trial court's failure to properly adhere to Ohio law when imposing more than the minimum sentence in petitioner's case.

B.   **GROUND TWO:** The petitioner's sentence is illegal and in violation of the Sixth and Fourteenth Amendments under the United States Constitution and Article I, Section 10 of the Ohio Constitution pursuant to the mandates embodied in the United States Supreme Court cases of *Apprendi v. New Jersey*, 530 U.S. 466 and *Blakely v. Washington*, (2004) 124 S.Ct. 2531.

C.   **GROUND THREE:** The trial court erred when failing to

---

[1]The date upon which petitioner signed the petition.

follow the mandatory provisions of Criminal Rule 32 after sentencing petitioner to a serious offense in violation of Article I, Section 10 of the Ohio Constitution and the Fourteenth Amendment under the United States Constitution.

**D. GROUND FOUR:** The petitioner was denied the effective assistance of trial counsel during his plea proceedings in violation of his Sixth Amendment [sic] under the United States Constitution and Article I, Section 10 of the Ohio Constitution.

Respondent has moved to dismiss the instant petition as having been untimely filed.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).

Title 28 U.S.C. § 2244 provides that a petition for habeas corpus by a state prisoner must be filed within one year from the date on which direct review of the judgment was completed or the time to pursue such review expired. After entry of a final judgment of a "state court of last resort," a criminal defendant has ninety days to file a petition for writ of certiorari, according to Rule 13 of the Rules of Court of the United States Supreme Court. That one year limitations period begins to run upon the expiration of the time for filing a petition for writ of certiorari for direct review in the United States Supreme Court. Isham v. Randle, 226 F.3d 691, 694-95 (6th Cir. 2000). Section 2244(d)(2) further provides that: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, once that time period is expired it cannot be revived by the filing of state collateral review proceedings. Vroman v. Brigano, 346 F.3d 598, 601-602 (6th Cir. 2003), quoting Rashid v. Khulman, 991 F.Supp. 254, 259 (S.D.NY 1998) ("Once the limitations period is expired,

collateral petitions can no longer serve to avoid a statute of limitations.").

In the present case petitioner acknowledges the untimeliness of his petition, arguing that he is entitled to equitable tolling of the limitations period in light of the fact that he was "ignorant of the filing requirement [of a direct appeal] for years," which he blames on the trial court and his counsel for failing to inform him of this right, and that as soon as he learned that he had the right to appeal he filed his motion for leave to file a delayed appeal.  If that was so this action could be considered timely.

Petitioner's argument also invokes 28 U.S.C. §2244(d)(1)(D) which provides that the one-year limitations period does not begin to run until the factual predicate of the claims for relief could have been discovered in the exercise of due diligence by petitioner.

This Court has thoroughly reviewed the trial court record, including the sentencing transcript, and has determined that while there are numerous assertions that petitioner had been fully advised of his constitutional rights prior to and upon entry of his pleas, there was no specific memorialization of his having been informed of his right to appeal.

That having been said,  this Court did find a pleading which neither party mentioned captioned, "Motion to Prepare Transcript of Proceedings at State Expense,"[2] filed on November 9, 2001, in which petitioner *clearly acknowledges* his right to appeal and requests that, in light of his indigency, the trial court order the court reporter to prepare a complete transcript at the state's expense so that he could prepare his appeal.  Contrary to petitioner's unsupported claims that he was unaware of his appeal rights, in a remarkable lapse of memory he has forgotten that he was at least aware of such rights no later than the date of filing that pleading.  Therefore, giving petitioner

---

[2]A copy is appended to this opinion.

5

every benefit of the doubt, the one-year limitations period began to run at least by the date of filing of that pleading, November 9, 2001, and expired one year later without any further challenges to his sentencing.[3]

Equitable tolling does not come into play, as once the limitations period has expired, as it did in this case, it cannot be revived by filing a collateral review proceeding, such as his motion for leave to file delayed appeal which was not filed until March 29, 2005.

This being so, it is recommended that the petition be dismissed as time-barred.

DAVID S. PERELMAN
United States Magistrate Judge

DATE:    January 31, 2007

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---

[3]This finding is consistent with the ruling of the Sixth Circuit Court of Appeals in DiCenzi v. Rose, 452 F.3d 465 (6th Cir. 2006), in which a petitioner who had not been advised of his appeal rights, and who claimed that he did not know that he had the right to appeal his conviction until shortly before he filed a motion for leave to file a delayed direct appeal, was permitted to show that he exercised due diligence in learning of his right to direct appeal so as to avail himself of the benefit of the latter commencement date under 28 U.S.C. §2244(d)(1)(D). In our case, the petitioner is being provided the benefit of the latter commencement date under that provision, with the triggering event being the November 2001 pleading indicating that petitioner was aware of his right to appeal years before the time of filing his motion for leave to file a delayed appeal.

6